# Order

Michigan Supreme Court
Lansing, Michigan

October 31, 2008

136574

COREY A. ASKEW,
   Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,
   Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136574
COA: 282916
Alger CC: 07-004591-AH

On order of the Court, the application for leave to appeal the May 8, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, J. (*dissenting*).

The issue in this case is whether the Court of Appeals practice of refusing to allow prisoners to commence new appeals until they have paid outstanding fees and costs is constitutional. It appears that the practice is consistent with MCL 600.2963(8), which provides that "A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid." However, this statute could be unconstitutional because it prevents a person from having access to the courts.

Plaintiff claims he is indigent. If indigent, he is unable to pay back fees and costs. Yet, this statute prevents him from accessing the courts until he pays back fees and costs. Hence, he is in a Catch-22. He cannot pay the outstanding fees until he acquires the necessary funds, and he cannot file a new appeal until he pays the outstanding fees.

In an unpublished opinion out of the United States District Court for the Western District of Michigan, Judge Richard Enslen indicated that he was troubled by this

practice.[1]  I believe this Court should grant leave to appeal.  We should consider whether it is unconstitutional to dismiss an appeal for failure to pay outstanding fees when a plaintiff can show that he is indigent.

---

[1] *Bridges v Collette*, 2008 US Dist LEXIS 58, \*7 n 3 (2008).  "Having determined that the suit must be dismissed, the Court is nevertheless troubled that this prisoner, and others like him, appear to be indigent and appear to have lawsuits dismissed due to fee balances which they cannot cure given their indigency.  Should this pattern persist, then eventually the United States Supreme Court would be obliged to address why the Defendant Judges are not providing equal access to the courts to indigent prisoners."



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

d1028

Clerk